## STANDARD OIL CO. OF NEW JERSEY v. UNITED STATES et al.

## RAYMOND CONCRETE PILE CO. v. STANDARD OIL CO. OF NEW JERSEY et al.

(Circuit Court of Appeals, Fourth Circuit. May 10, 1920.)

Nos. 1759, 1760.

Indemnity ⬥⚊6—Provision for indemnifying contractor for work construed.

　　The construction of a provision of a contract for construction work, requiring the employer to pay any expense incurred in connection with any accident or damage to persons or property, held not affected by the fact that the provision also covered the cost of insurance and that the contractor did not charge the employer with the cost of fire insurance on

its machinery and appliances, which were used on the work for only a part of the insurance term.

Appeals from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Consolidated suits in admiralty by the United States and others against the Standard Oil Company of New Jersey, the Raymond Concrete Pile Company, and others. From a decree for libelants, defendants appeal. Affirmed.

Cletus Keating, of New York City (Ritchie, Janney & Stuart, of Baltimore, Md., Kirlin, Woolsey & Hickox, of New York City, Robert W. Williams, of Washington, D. C., and James H. Herbert, of New York City, on the brief), for Standard Oil Co. of New Jersey.

William L. Marbury, of Baltimore, Md., and Martin Conboy, of New York City (Griggs, Baldwin & Baldwin, of New York City, and Marbury, Gosnell & Williams, of Baltimore, Md., on the brief), for Raymond Concrete Pile Co.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

On Further Testimony Taken by Leave of Court on the Question of Insurance.

WOODS, Circuit Judge. In an opinion filed January 6, 1920 (264 Fed. 66), this court held that the Standard Oil Company of New Jersey was primarily liable to the exemption of the Raymond Concrete Pile Company for losses to the libelant by fire which occurred in Baltimore harbor on November 22, 1918. This holding was based on a provision in a contract for the construction work to be done by the Raymond Company for the Standard Oil Company that "the cost of insurance and any expense incurred in connection with any accident or damage to persons or property" should be borne by the Standard Oil Company, supplemented by a subsequent stipulation "that any expense incurred in connection with any accident or damage upon person or property, not covered by insurance, shall be considered a part of the cost of this work; but no fee shall be paid the contractor on such cost." On the subject of insurance the opinion contains the following paragraph:

"The point is made on the appeal, apparently for the first time, that the obligation assumed by the Oil Company was limited to losses from accident not covered by insurance and that there was no evidence as to the insurance. The question of the burden of proof on this subject is of minor importance. This being an admiralty case, upon due notice and proper showing, this court will entertain a motion by either party made within 20 days for leave to take testimony on the subject of insurance before this court or the District Court."

On motion of appellant, Standard Oil Company, a commissioner was appointed to take the testimony on the subject of insurance. The testimony reported shows that the Raymond Company had insurance against injuries to persons in the prosecution of the work, but no insurance to cover injuries to property of third persons. It fol-

lows that the liability of the Standard Oil Company for the loss to the libelants was not affected by the provision as to insurance.

The appellant at the argument called the attention of the court to the fact, brought out at the reference, that the Raymond Company carried insurance on its own machinery and appliances rented to the Standard Oil Company for the purpose of the work, and that it did not charge the premiums paid for that insurance to the Standard Oil Company as a part of the expenses of the work. It was insisted that this circumstance was such newly discovered evidence as would require the court to reconsider the construction of the contract and the whole question of the liability of the Standard Oil Company. Even unexplained, the fact would not be of such significance as to warrant a retrial of the issue. It is satisfactorily explained, however in the following testimony of the secretary of the Raymond Company:

"The fire insurance policies were written covering one year, and as the pile drivers were used in this work for only a few days at a time the item seemed too small to apportion, and hence no part of the insurance premiums were charged to this work."

A decree will be entered, affirming the decree of the District Court. Affirmed.